UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD MARSHAL BOWMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>            Defendants. | CASE NO. C09-5510FDB/JRC<br><br>ORDER TO FILE AN AMENDED COMPLAINT AND PROVIDE SERVICE DOCUMENTS |

This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrates Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff has been granted leave to proceed *in forma pauperis.* Plaintiff seeks two million dollars in damages as a result of alleged injuries he received during a fight between other inmates (Dkt. # 1 proposed complaint). Plaintiff named the Governor of the State of Washington, the Secretary of the Department of Corrections, the Superintendent of the Shelton Correctional Facility, and the State of Washington as defendants (Dkt # 1). He then clarified by letter that he was only bringing the action against the State of Washington (Dkt. # 3).

ORDER - 1

The complaint is deficient for a number of reasons.

The Eleventh Amendment to the United States Constitution prevents a state from being sued in federal court for monetary damages. Quern v. Jordan, 440 U.S. 332 (1979). Washington has not waived the protection of the Eleventh Amendment. Edgar v. State, 92 Wn.2d 217 (1979). Thus, the State of Washington cannot be a party to a Civil Rights Action seeking only monetary damages.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986). In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

Plaintiff is ordered to file an amended complaint. The document should be titled "First Amended Complaint." The First Amended Complaint will act as a complete substitute for the original and not as a supplement. For each named defendant plaintiff should submit a service

copy of the complaint and a filled out Marshal's service form. The First Amended Complaint will be due on or before October 9, 2009.

The clerk's office is directed to send plaintiff a copy of this order and not the October 9, 2009, date on the court's calendar.

DATED this 9th day of September, 2009.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge