UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD MARSHALL BOWMAN,

    Plaintiff,

v.

STATE OF WASHINGTON *et al.*,

    Defendants.

Case No. C09-5510FDB

REPORT AND RECOMMENDATION

**NOTED FOR**:
February 12, 2010

    This 42 U.S.C. 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Accordingly, the following Report and Recommendation is hereby submitted. After review of the file the court recommends the motion to dismiss be GRANTED IN PART AND DENIED IN PART.

    In the amended complaint plaintiff alleges that the defendants were "deliberately indifferent" to his safety when they housed him with an inmate who had a much higher classification. He contends that the other inmate should not have been housed in the same area (Dkt. # 9). The other inmate allegedly threw an object and hit plaintiff. Plaintiff alleges that he

REPORT AND RECOMMENDATION- 1

was seriously and permanently injured and claims a denial of his Eighth and Fourteenth Amendment rights.

Defendants argue that they violated no duty to plaintiff and that they are entitled to qualified immunity from suit (Dkt # 18). They argue that an inmate has no right to be housed in any particular level and there is no constitutional right to classification (Dkt # 18). The Motion to Dismiss does not address the Eighth Amendment claim.

Plaintiff did not respond to the motion.

## STANDARD OF REVIEW

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

REPORT AND RECOMMENDATION- 2

## DISCUSSION

A. *Fourteenth Amendment claims.*

Local Rule 7 (b)(2) states that if a party fails to file papers in opposition to a motion the court may consider that the motion has merit. Further, defendants are correct in stating that an inmate has no constitutional right to classification and an inmate may be housed at a higher level or different prison. Meachum v. Fano, 427 U.S. 215 (1976). Plaintiff's due process claim fails to state a claim and is subject to dismissal with prejudice.

B. *Eighth Amendment Claim.*

Plaintiff alleges the defendants were deliberately indifferent to his safety. The Eighth Amendment prohibits infliction of cruel and unusual punishment. The Eighth Amendment is violated when an inmate is deprived of the minimal civilized measure of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To establish an Eighth Amendment violation, an inmate must allege both an objective element–that the deprivation was sufficiently serious–and a subjective element–that a prison official acted with deliberate indifference. Id. at 359-60. To constitute "deliberate indifference," an official must know of and disregard an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and the official must also draw the inference. Farmer v. Brennan, 511 U.S. 825, (1994).

Plaintiff alleges prison officials should have been aware of the other inmate's violent tendencies and that placing him with that inmate posed an unreasonable risk. He also alleges serious bodily injury as a result of the altercation that occurred. He has pled facts with some particularity and has pled a prima facie case that withstands the motion to dismiss.

REPORT AND RECOMMENDATION- 3

C. *Qualified Immunity.*

Generally qualified immunity protects government officials from suit. The officials are not liable unless the conduct violated clearly established law of which a reasonable person should have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982). When the affirmative defense of qualified immunity is raised, the court must consider if the law was clearly established at the time of the act and if a defendant would know their actions violated clearly established law. Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808 (2009).

While qualified immunity is generally decided on objective facts, when motivation or intent is a component of the alleged violation the plaintiff must be given the opportunity to submit proof regarding intent. Tribble v. Gardner, 860 F.2d 321, 326 (9th Cir. 1988). The intent of the defendants is an element of the Eighth Amendment claim. Plaintiff should be given the opportunity to conduct limited discovery and this issue cannot be decided at this stage of the proceedings.

## CONCLUSION

The undersigned recommends that the Defendant's Motion to Dismiss be GRANTED IN PART AND DENIED IN PART. Claims relating to the Fourteenth Amendment and Due Process should be DISMISSED WITH PREJUDICE. The Motion to Dismiss the Eighth Amendment claims should be DENIED. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474

REPORT AND RECOMMENDATION- 4

U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 12, 2010** as noted in the caption.

Dated this 20th day of January, 2010.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5