UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD MARSHALL BOWMAN, | |
| Plaintiff, | No. 09-5510BHS/JRC |
| v. | ORDER |
| STATE OF WASHINGTON, *et al.*, | |
| Defendants. | |

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

    Before the court is plaintiff's motion for appointment of counsel (Dkt. # 32).

    There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both

ORDER - 1

the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331.

      Plaintiff has not demonstrated exceptional circumstances in this case.  Although plaintiff has demonstrated an adequate ability to articulate his claims, the claims alleged to date, are not complex and the hardships plaintiff articulates in his motion -- indigence, placement in segregation, and limited access to materials -- are not so exceptional as would require legal counsel to articulate them for the court.  Further, plaintiff has not shown a high likelihood of success because of a variety of issues, including failure to name the inmate who allegedly assaulted him and failure to plead facts showing that any defendant was aware of a specific threat to plaintiff.  (Dkt # 9).  Plaintiff's Motion to Appoint Counsel (Dkt. # 32) is **DENIED**.

      This is the second motion for appointment of counsel in this action (Dkt. # 6 and 32). The court places plaintiff on notice that repetitive motions without good cause may result in sanctions.

      The Clerk's Office is directed to send plaintiff a copy of this order and remove (Dkt. # 32) from the Court's calendar.

      DATED this 14th day of June, 2010.

                                        J. Richard Creatura
                                        United States Magistrate Judge

ORDER - 2