UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD MARSHALL BOWMAN,

Plaintiff,

v.

STATE OF WASHINGTON; et al.,

Defendants.

Case No. C09-5510BHS

ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 44), and Plaintiff's ("Bowman") objections to the Report and Recommendation (Dkt. 46). The Court has considered the Report and Recommendation, Bowman's objections, and the remaining record, and hereby adopts the Report and Recommendation for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL HISTORY

On November 15, 2010, Magistrate Judge Creatura recommended that the Court grant the Defendants' motion for summary judgment. Dkt. 44. On November 26, 2010, Bowman filed an objection. Dkt. 46. Defendants did not file a response.

In October 2009, Bowman filed an amended complaint alleging a violation, under 42 U.S.C. § 1983, of his Eighth and Fourteenth Amendment rights by the Defendants because

ORDER – 1

he was injured by another inmate while in custody of the Washington State Department of Corrections. Dkt. 9.  Bowman filed suit against Defendants Christine Gregoire, Washington State Governor ("Gregoire"); Eldon Vail, Secretary, Department of Corrections ("Vail"); and other unknown state employees because the "D.O.C. carelessly [and]/or negligently placed me in harms way by ignoring the rule that houses offenders according to custody classification . . . [and, because the] State (D.O.C.) was responsible for the safety of the plaintiff." Dkt. 9. Defendant Michael Hopkins ("Hopkins") is a tort claims investigator for the Washington State Office of Financial Management. Dkt. 37-1, Declaration of Michael Hopkins. Hopkins investigated and decided Bowman's negligence claim against the Department of Corrections. *Id.* Bowman's complaint against Hopkins alleges that he is vicariously liable for Bowman's injuries because Hopkins allegedly withheld information that Bowman believed to be important to his case. Dkt. 9; *see also* Dkt. 46. ¶ 7.

In February 2010, the late Judge Franklin D. Burgess dismissed Bowman's Fourteenth Amendment complaint. Dkt. 26. In July 2010, Defendants filed a motion for summary judgment pursuant to Rule 56 because Bowman failed to show that Hopkins had any personal participation and, pursuant to Rule 4(m), because Bowman failed to serve any defendant besides Hopkins. Dkt. 37; Fed. R. Civ. P. 56, 4(m). On November 15, 2010, the Magistrate Judge recommended that the Court grant summary judgment because (1) Bowman served only Hopkins, who played no part in the incidents giving rise to this action, (2) the theory of *respondeat superior* confers no responsibility on another person in a civil rights action, and (3) an alleged failure to provide information is not a constitutional violation. Dkt. 44. Bowman filed an objection. Dkt. 46.

ORDER – 2

## II. DISCUSSION

The Court overrules Bowman's objection and adopts Magistrate Judge Creatura's Report and Recommendation because (1) Bowman failed to show how Hopkins personally caused the harm alleged, and (2) Bowman failed to properly serve Gregoire, Vail, or the other unnamed Defendants. Because Bowman failed to perfect service on these Defendants, the Court need not reach the remaining objections.

**A.**     **Served Defendant**

Bowman's objections do not address the Magistrate Judge's Report and Recommendation on the issue of personal participation other than to claim that the Defendants failed to provide him information. Dkt. 46, ¶¶ 7, 10. Bowman does not attribute any other conduct by the Defendants to his 8th Amendment claim. Dkt. 46. Liability under §1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989). Furthermore, a supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Id. Respondeat superior* is not actionable under § 1983. *Id.* (citing *Ybarra v. Reno Thunderbird Mobil Home village,* 723 F.2d 675, 680-81 (9th Cir. 1984)). Here, Hopkins was the claims investigator who encountered Bowman only after the alleged incident; Bowman failed to allege any facts showing how Hopkins knew of, directed, or personally caused the harm alleged in the complaint. Thus, because Hopkins took no part in the alleged incident and is not liable for the actions of others, the Court adopts the Magistrate Judge's recommendation to dismiss the claim against Hopkins, with prejudice.

ORDER – 3

**B.    Unserved Defendants**

Bowman objects to the recommendation to dismiss the case against the Defendants for failure to properly serve these Defendants. *See* Dkt. 46, ¶¶ 3, 4, 5. According to Rule 4(m), a plaintiff is required to serve the summons and complaint upon any defendant within 120 days after filing. If proper service is not made within this time frame, the court may dismiss the action unless the plaintiff can show good cause as to why the service was not properly effectuated. Fed. R. Civ. P. 4(m). The Court is mindful that Bowman is pro se. A pro se litigant's pleadings and papers are held to a less stringent standard than those of represented parties. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, pro se parties are not excused from following the rules and orders of the court. *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987).

Here, Bowman failed to effectuate service properly and his "objections" do not demonstrate good cause to excuse this failure. First, the Magistrate Judge gave Bowman the longest possible time to perfect service when it considered the order directing service by the marshals (Dkt. 14) as the start date rather than beginning with the date of the complaint (Dkt. 9). Second, Bowman was given notice of his responsibility for service in the Magistrate Judge's order to amend his complaint. Dkt. 50. He acknowledged this responsibility in his letter requesting that the court "[p]lease send 4 U.S. Marshal Forms" and that "the Court grant additional time and forbearance" to make copies of the complaint for service. Dkt. 10. Additionally, Bowman successfully served Hopkins. *See* Dkt. 16. Finally, Bowman had notice of the failed service when the U.S. Marshal's office filed notice of unexecuted service in January 2010. Dkts. 22, 23. However, despite the fact that he knew the time frame for discovery expired on June 25, 2010 (Dkt. 29), that he had notice that the service against

ORDER – 4

Gregoire and Vail was unexecuted (Dkts. 22, 23), and that Bowman indicated that he knew how to contact their offices when he alleged that these same offices refused to provide him with street addresses (Dkt. 9), no one besides Hopkins was ever served. Accordingly, the Court adopts the recommendation of the Magistrate Judge and dismisses the claims against the remaining Defendants, without prejudice.

### III. CONCLUSION

The Court having considered the Report and Recommendation, Bowman's objections, and the remaining record, does hereby find and order:

(1) Bowman's objections are **OVERRULED**;

(2) The Report and Recommendation is **ADOPTED**;

(3) The claim against Hopkins is **DISMISSED with prejudice**; and

(4) Bowman's claims against the remaining Defendants are **DISMISSED without prejudice**.

DATED this 2nd day of February, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 5